**SO ORDERED.**

**SIGNED this 21 day of November, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

**IN RE:**

**DAVIS-RODWELL TMC LLC,**                        **CHAPTER 11**
                                                  **CASE NO. 12-04499-8-RDD**
      **DEBTOR.**

## ORDER DENYING MOTION TO CONVERT CASE

Pending before the Court is the Motion to Convert Case filed by Bank of America, N.A. ("Bank of America") on August 20, 2013 (the "Motion to Convert"), the Objection to Bank of America, N.A.'s Motion to Convert Case filed by Davis-Rodwell TMC LLC (the "Debtor") on September 9, 2013, and the Objection to Bank of America, N.A.'s Motion to Convert Case filed by Ballentine Associates, P.A. on September 9, 2013. This Court conducted a hearing on September 10, 2013 in Raleigh, North Carolina and on November 15, 2013 in Greenville, North Carolina to consider these matters.

On June 18, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor owns real estate known as Davis Park West—a thirty-one acre mixed-use development at the hub of the southernmost entrance to the Research Triangle Park (the

"Property"). The Property is zoned for mixed residential and commercial development. Second Amended Disclosure Statement at 4, *In re Davis-Rodwell TMC LLC*, No. 12-04499-8-RDD (Bankr. E.D.N.C. Nov. 8, 2013).

Prior to the date of filing, the Debtor and Bank of America entered into a promissory note in the original amount of $6,300,000.00, pursuant to which Bank of America provided financing for the acquisition and development of the Property. The obligations under the promissory note are secured by a deed of trust granting to Bank of America a first priority lien on all of the Property, improvements thereto, personal property, and assignments of all rents and income generated by the Property. The promissory note matured on June 4, 2011. Bank of America filed Proof of Claim Number 2-1 in the secured amount of $6,297,958.65.

Also, prior to the date of filing, Ballentine Associates, P.A. ("Ballentine") and the Debtor entered into an agreement, whereby Ballentine agreed to provide master planning, rezoning, civil engineering, and land surveying work for various projects on the Property. Ballentine rendered professional services on the site for the Debtor during the period of June 1, 2007 through March 31, 2012. The Debtor failed to remit payment to Ballentine for the professional services rendered. Ballentine filed Proof of Claim Number 3-1 in the amount of $125,635.39.

On May 29, 2013, the Debtor filed its First Amended Plan of Reorganization (the "First Amended Plan") and its First Amended Disclosure Statement. The Debtor's First Amended Plan proposes to pay eight classes of creditors with funds derived from the development and liquidation of the Property. The First Amended Plan called for an equity infusion in the amount of $1,200,000.00. The First Amended Plan did not provide when the equity infusion would occur, but that the Debtor was willing to divulge the identity of the equity investor at the request of a creditor

and thirty days after the First Amended Plan was filed. As to Bank of America, the First Amended Plan provided that the Debtor would pay the claim in full within ninety months of the effective date of the First Amended Plan. The Debtor proposed to make a $150,000.00 payment within six months of the effective date of the First Amended Plan and would continue to make payments of $150,000.00 every three months thereafter. The payments were to be made from the net sale proceeds of the Debtor's real estate. Bank of America's claim was to accrue interest during the ninety month period.

As to Ballentine, which holds a second position deed of trust on the Property, the First Amended Plan proposed to pay this class from the net proceeds from the sale of the Property after Bank of America was paid in full. Interest was to accrue on the unpaid balance at the contract rate.

Both Bank of America and Ballentine filed objections to the Debtor's First Amended Plan. On August 20, 2013 Bank of America filed the Motion to Convert. The Court conducted a hearing to consider the Motion to Convert on September 10, 2013. At the September 10, 2013 hearing, Bank of America and the Debtor announced in open Court that an agreement had been reached as to the Motion to Convert. On October 3, 2013, the Court entered an order more fully setting forth the terms of the agreement. The Order provided:

> On or before 5:00 p.m. E.S.T. on Friday, September 13, 2013, the Debtor and/or the principals of the Debtor shall wire to BOA the sum of one-hundred fifty thousand dollars ($150,000.00), which monies BOA may use as a credit of any interest accrued but unpaid on account of the debt due and owing from the Debtor to BOA;
>
> If the Debtor and/or the principals of the Debtor shall fail to wire to BOA on or before 5:00 p.m. E.S.T. on Friday, September 13, 2013 the sum of one-hundred fifty thousand dollars ($150,000.00), the Debtor consents to conversion of this case to Chapter 7, and a hearing will be set on the Motion to allow only the Objection of creditor Ballentine Associates, P.A. ("Ballentine Objection") to be heard;

> If the above payment is timely made, the Debtor shall have up to and including October 10, 2013 to provide to BOA a fully executed Letter of Intent ("LOI") from an equity investor for the property at issue herein in an amount of at least $1,200,000.00;
>
> If the Debtor shall fail to provide to BOA on or before October 10, 2013 a fully executed Letter of Intent ("LOI") from an equity investor for the property at issue herein in an amount of at least $1,200,000.00, the Debtor consents to conversion of this case to Chapter 7, and a hearing will be set on the Motion to allow only the Ballentine Objection to be heard;
>
> If the Debtor satisfies the above requirements, the Debtor shall have up to and including November 9, 2013 to file with the Court a Second Amended Plan and Disclosure Statement;
>
> If the Debtor shall fail to file with the Court on or before November 9, 2013 a Second Amended Plan and Disclosure Statement, the Debtor consents to conversion of this case to Chapter 7, and a hearing will be set on the Motion to allow only the Ballentine Objection to be heard;
>
> If the Debtor satisfies the above requirements, the Debtor shall have up to and including December 9, 2013 to provide to BOA a fully executed and enforceable contract with the equity investor from whom the LOI described above had been obtained. The Debtor shall also at that time supplement its Second Amended Disclosure Statement to provide notice of the fully executed and enforceable contract with the equity investor to all required creditors in the case;
>
> If the Debtor shall fail to provide to BOA on or before December 9, 2013 a fully executed and enforceable contract with the equity investor from whom the LOI described above had been obtained, the Debtor consents to conversion of this case to Chapter 7, and a hearing will be set on the Motion to allow only the Ballentine Objection to be heard; . . .

*In re Davis-Rodwell TMC, LLC*, No. 12-04499-8-RDD (Bankr. E.D.N.C. Oct. 3, 2013).

On November 8, 2013, the Debtor filed its Second Amended Chapter 11 Plan and Second Amended Disclosure Statement. At the hearing on November 15, 2013, Bank of America represented that the Debtor did not provide it with a fully executed Letter of Intent from an equity investor for the Property until October 11, 2013, one day after the deadline. Because of this, Bank of America contends the Debtor materially breached the terms of their agreement and the Court's

previous order. Accordingly, Bank of America contends the Debtor has consented to the case being converted to a Chapter 7 proceeding. At the hearing, Mr. Craig Davis, an agent of the Debtor, testified that the Letter of Intent was submitted to Bank of America, nine hours after the deadline, on October 11, 2013 at 9:00 a.m., because he was stuck in an airport in New York and could not get the Letter to Intent to Bank of America by the deadline. Ballentine argues that if the Chapter 11 case is converted to a proceeding under Chapter 7, Bank of America will be the only entity to benefit from the conversion.

> Section 1112(b)(1) of the Bankruptcy Code provides:
>
> the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b). The definition of "cause" under Section 1112(b) includes, but is not limited to the sixteen examples listed in 11 U.S.C. § 1112(b)(4)(A)-(P). The movant has the burden of establishing that "cause" exists for conversion or dismissal under 11 U.S.C. § 1112(b). *In re MF Global Holdings Ltd.*, 465 B.R. 736, 742 (Bankr. S.D.N.Y. Feb. 1, 2012). The bankruptcy court has wide discretion in determining whether cause exists to dismiss or convert a case to Chapter 7 under 11 U.S.C. § 1112(b). *In re Kholyavka*, No. 08–10653DWS, 2008 WL 3887653, at *5 (Bankr.E.D.Pa. Aug. 20, 2008) (quoting H. Rep. 595, 95th Cong., 1st Sess. 405 (1977)).

The Court finds that Bank of America has failed to establish that "cause" exists for conversion of this case to a Chapter 7 proceeding. There is a fully executed contract between Davis 54, LLC and Park Center Plaza, LLC, which will infuse $1,200,000.00 into the Debtor. These funds will be used to carry through and execute the pending contracts to begin constructing the infrastructure. The Debtor did comply with the terms of the Court's previous order. Although the

5

Debtor provided the Letter of Intent nine hours late on October 11, 2013 at 9:00 a.m., the Court finds this is not a material default of the Court's previous order, based on the fact the Order does not include a "time is of the essence" clause.  Further, the Debtor has filed the Second Amended Chapter 11 Plan and dismissing or converting this case to a Chapter 7 proceeding is not in the best interest of the creditors and will serve to only benefit Bank of America.  Therefore, the Motion to Convert is **DENIED**.

    **SO ORDERED**.

**END OF DOCUMENT**