UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-643-BO

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
|    Appellant, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVIS-RODWELL TMC, LLC, ) | |
| ) | |
|    Appellee. ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on Bank of America, N.A.'s appeal of the Bankruptcy Court for the Eastern District of North Carolina's Order of November 24, 2015, compelling Bank of America to comply with the confirmed Chapter 11 plan. For the reasons discussed below, this appeal is dismissed without prejudice and the reference to the bankruptcy court is withdrawn in part.

BACKGROUND

Appellee Davis-Rodwell, TMC, debtor in the underlying bankruptcy action, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 18, 2012. [DE 6-1 at 23]. Appellant Bank of America holds a secured claim against debtor in the amount of approximately $6.3 million. *Id.* at 26-27. Over Bank of America's objection and by order entered August 28, 2014, the bankruptcy court confirmed debtor's Chapter 11 plan. *Id.* at 88; 109. The Chapter 11 plan provided that full payment to all creditors would be made through the subdivision and sale of real property located in Durham, North Carolina as well as a new money

loan; regarding the sale of real property, net proceeds from the sales are to be paid to creditors in accordance with the appropriate lien priority. *Id.* at 117. Under the plan, net proceeds exclude, *inter alia*, escrow amounts. *Id.* at 115-16.

In compliance with the Chapter 11 plan, debtor sought to sell one portion of the subject real property, Parcel A. The sales price for Parcel A was exactly as anticipated on debtor's Sources and Uses statement attached to the Chapter 11 plan. [DE 7-1 at 51]. The escrow amount, however, did not comport with the amount projected on the Sources and Uses statement, and in fact was far greater than had been forecast, thus reducing or eliminating the net proceeds of that sale. [DE 20-4; 7-1 at 7-9]. On November 10, 2015, debtor filed a motion to compel compliance with the Chapter 11 plan. [DE 6-1 at 137]. Debtor contended that although the confirmed Chapter 11 plan provided for the sale of real estate free and clear of liens, which would require Bank of America to sign lean releases to facilitate closings, Bank of America had refused to sign lien releases related to Parcel A unless it received a sum certain, in excess of $2 million, on the sale. *Id.* at 138. After a hearing at which both debtor and Bank of America appeared, the bankruptcy court granted debtor's motion to compel by order entered November 24, 2015. [DE 7-1 at 50-51].

The bankruptcy court's order compelling Bank of America to execute lien releases related to Parcel A interpreted Paragraph 3.3 of the confirmed plan, which provides:

> 3.3 Lien Releases: Following confirmation of the Plan, the Debtor shall be authorized (for amounts generally consistent with the Sources and Uses attached to the Disclosure Statement) to sell its real property free and clear of any and all liens and encumbrances, with proceeds to be distributed as provided for in this Plan. Secured creditors shall be required to sign lien releases to facilitate closing.

*Id.* at 50. The bankruptcy court was asked to interpret the term "amounts" found in the parenthetical, with the debtor arguing that the term "refers to the sales prices set out in

the attachment to the Disclosure Statement" and Bank of America arguing that the term "refers to all numbers on the attachment, including proposed escrows." *Id.* at 51. The bankruptcy court read the term to modify the verb "to sell," and found that the amounts which must be generally consistent with the Sources and Uses statement are the sales prices, and not all numbers on the attachments. *Id.*

Bank of America noticed its appeal of the bankruptcy court's order and then subsequently complied with the order of the bankruptcy court by executing its partial lien release and providing all documents to debtor to complete the sale of Parcel A. [DE 9-1 at 5]. In light of Bank of America's compliance with the order of the bankruptcy court, debtor has moved to dismiss the appeal as moot. A hearing on the appeal and the motion to dismiss was held before the undersigned on July 7, 2016, at Elizabeth City, North Carolina.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). Legal conclusions made by the bankruptcy court are reviewed de novo. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

3

## DISCUSSION

Debtor has moved to dismiss the appeal as moot due to Bank of America's compliance with the order of the bankruptcy court which is the subject of this appeal. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). Bank of America contends that although it has complied with the bankruptcy court's order as to the sale of Parcel A, the appeal remains live as the bankruptcy court's interpretation of the confirmed Chapter 11 plan will affect the sale of the remaining parcels of the subject property.

Indeed, an exception to the mootness doctrine exists where conduct is capable of repetition yet would evade review. *Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011). "This exception applies when '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* (quoting *Fed. Election Comm'n v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007)). Bank of America has stated affirmatively that it does not seek an order of this Court which would serve to unwind its lien release documents executed with respect to Parcel A. [DE 19 at 1]. Thus, it seeks review of the bankruptcy court's order only as the bankruptcy court's interpretation would apply to future sales.

Importantly, the order of the bankruptcy court now on appeal expressly addressed the sale of Parcel A, which has been consummated and which Bank of America does not seek to unwind. Moreover, Bank of America did not seek a stay of the bankruptcy court's order, and by its compliance cut short the challenged action before it could be fully litigated. As it relates to the future sale of the remaining parcels, debtor has propounded, both in its brief and at oral

argument, that such sales will generate net proceeds of more than was projected in the Sources and Uses statement. The Court is cognizant that if debtor's predictions do not bear out Bank of America would seek the same relief it seeks herein. However, the Court finds that, in light of the particular facts and circumstances of this case, to consider the underlying appeal at this time would tread dangerously close to rendering an advisory opinion, which of course the Court cannot do. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

Accordingly, the Court will grant the debtor's motion to dismiss the appeal as moot, but will do so without prejudice. Further, the Court will withdraw the reference in this matter solely as to the issue on appeal so that, should it deem it necessary, Bank of America may return directly to this Court to seek relief. 28 U.S.C. § 157(d).

## CONCLUSION

As discussed above, appellee's motion to dismiss [DE 17] is GRANTED and the appeal is DISMISSED WITHOUT PREJUDICE. The reference of this matter to the Bankruptcy Court for the Eastern District of North Carolina solely as to the proper interpretation of Paragraph 3.3 of the confirmed Chapter 11 plan is hereby WITHDRAWN. The Clerk of Court is DIRECTED to close this case. Should appellant seek future relief as to the issue presented in its appeal, it shall file a notice and motion to reopen the instant action.

SO ORDERED, this 26 day of July, 2016.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE